## OIL SEEDS PRESSING CO. v. UNITED STATES.

(Circuit Court, S. D. New York. March 1, 1902.)

OLIVE OIL.—CUSTOMS DUTY.

Where witnesses called for the government were Italians, who testified that the olive oil imported was fit for food, but was of a poor quality, and that it burned the throat, and that it was bought by the poorer class of Italians, and it had a strong, offensive, and rancid odor, and a witness for the importer testified that it was a nonedible oil, unsafe for human consumption, and that it was not manufactured, imported, or adapted for food consumption. it was free, under Act 1897, par. 626, as olive oil for manufacturing or mechanical purposes, "fit only for such use," and not dutiable as olive oil not specially provided for, under paragraph 40 of the act.

D. Frank Lloyd, Asst. U. S. Atty.
Hatch & Wickes, for the importers.

TOWNSEND, District Judge. The merchandise in question is olive oil assessed for duty as "olive oil, not specially provided for," at 40 cents per gallon, under the provisions of paragraph 40 of the act of 1897, and claimed to be free, under paragraph 626 of said act, as "olive oil for manufacturing or mechanical purposes, fit only for such use and valued at not more than sixty cents per gallon." The board of general appraisers, in overruling the protest of the importer, found that:

"The oil is worth less than sixty cents per gallon, and that it was actually used for manufacturing purposes; but we are satisfied from the evidence that it can be used for food consumption, and it is fit for such use. While it is true that this oil contains a small percentage of free fatty acid, it is nevertheless fit for food consumption."

The dealers called as witnesses to support the contention of the government that the oil was fit for food were Italians, who admitted that the oil was of poor quality, and that either they did not import or deal in such inferior oil, or had succeeded in selling very little of it; that it burned the throat; and that it was bought by the poorer class of Italians. This oil contains a great excess of free fatty acid and albuminous sediment. It has a strong, offensive, and rancid odor, and an acrid taste. Dr. Cyrus Edson testifies that it is a nonedible oil, "unsafe for human consumption, * * * because of the process of fermentation, which leaves certain germs free in the oil," and he adds, "I shouldn't permit it to be used for food." The fermentation referred to by the witness is explained by him to refer to the method by which the oil is made, which "oil itself is a product of fermentation." The word "fit" seems to be equivalent to "suitable," —the actual, practical, and commercial suitableness of the article for the purpose designated. The article in question is not manufactured, imported, or adapted for food consumption, and its perverted use for frying or for salads by a class of foreigners presumably ignorant of its deleterious qualities and injurious effects does not show that it is fit for use as food.

The decision of the board of general appraisers is reversed.